IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:19-cr-351-ECM |
| | ) | |
| TAMETRIUS RICHARDS | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Tametrius Richards' unopposed motion to continue trial (doc. 17) filed on December 23, 2019. Jury selection and trial is presently set on the term of court commencing on January 6, 2020. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for Richards represents that additional time is necessary to investigate and evaluate the Defendant's currently mental health status and past diagnoses. Counsel recently learned of the Defendant's current and prior mental health treatment and needs additional time to consider the ramifications of those diagnoses on his defense. The United States does not oppose the continuance. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and Richards in a speedy trial. Accordingly, it is

ORDERED that the motion to continue (doc. 17) is GRANTED and jury selection and trial are CONTINUED from January 6, 2020 to the criminal term of court commencing on June 22, 2020, at 10:00 a.m., in Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the June trial term. All deadlines are adjusted accordingly.

Done this 30th day of December, 2019.

    /s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE